
JS-6

|  |  |
|---|---|
| **UNITED STATES DISTRICT COURT** | |
| **CENTRAL DISTRICT OF CALIFORNIA** | |

**CIVIL MINUTES – GENERAL**

| Case No.: 8:22-cv-00299-JLS-DFM | Date: August 10, 2022 |
|---|---|
| Title: Jennifer Hernandez v. FCA US, LLC et al | |

**Present: HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| V.R. Vallery | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:   (IN CHAMBERS)  ORDER GRANTING PLAINTIFF'S MOTION TO REMAND (Doc. 17)**

Before the Court is Plaintiff's Motion to Remand.  (Mot., Doc. 17; Mem., Doc. 17-2)  Defendant opposed and Plaintiff replied.  (Docs. 26, 27.)  The Court found this matter appropriate for decision without oral argument.  (Doc. 22.)  Having considered the pleadings, the parties' briefs, and for the reasons stated below, the Court GRANTS the Motion.

## I.  BACKGROUND

On September 21, 2021, in the Superior Court of California for the County of Orange, Plaintiff Jennifer Hernandez filed a Complaint for Damages against Defendants FCA US, LLC.[1]  (*See* Compl., Ex. A to Smith Decl., Doc. 1-2, at ECF 10-21.)  Hernandez is a citizen and resident of California.  (Notice of Removal ("NOR"), Doc. 1, ¶ 29; Compl. ¶ 2.)  FCA  is a limited liability company whose sole member is FCA North America Holdings LLC, whose sole member is FCA Holdco B.V.—a public company incorporated under the laws of the Netherlands with its principal place of business in the Netherlands.  (NOR ¶ 31.)  Additionally, recently, FCA US consummated a merger with

---

[1] The Complaint was also filed against Hoblit Chrysler Jeep Dodge, but that defendant has been dismissed from this action.  (Ex. B to Smith Decl., Doc. 1-2.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-00299-JLS-DFM                                   Date: August 10, 2022
Title: Jennifer Hernandez v. FCA US, LLC et al

Peugeot S.A. and the entity has been renamed Sellantis N.V., and Stellantis N.V.'s principal executive offices are located in the Netherlands. (*Id.*)

Hernandez alleges that on or about September 23, 2017, she purchased a 2017 Jeep Compass (vehicle identification number 3C4NJCAB6HT669702) which was manufactured or distributed by FCA ("the Vehicle"). (Compl. ¶ 9.) Hernandez alleges that "[d]uring the warranty period, the Vehicle contained or developed defects, including but not limited to, defects related to the electrical system; defects causing stalling; defects causing a failure to start; defects causing the breaks to squeak when backing up; defects requiring the performance of Recall T26; defects causing the mirror on the passenger side door to be loose; defects causing the failure and/or replacement of the passenger side mirror; defects causing the push start button to malfunction; defects requiring the performance of Technical Service Bulletin ("TSB") 18068-17; defects requiring the updating and/or reprogramming of the powertrain control module ("PCM"); defects causing the illumination of the check engine light ("CEL"); defects causing the failure and/or replacement of the main and/or auxiliary battery; and/or any other defects described in the Vehicle's repair history." (*Id.* ¶ 11.) Hernandez alleges that "[s]uch defects substantially impair the use, value, or safety of the Vehicle." (*Id.* ¶ 11.)

Hernandez asserts that she has "suffered damages in a sum to be proven at trial in an amount that is not less than $25,001.00." (*Id.* ¶ 12.) She also seeks, among other things, "a civil penalty in the amount of two times [her] actual damages pursuant to Civil Code section 1794, subdivision (c) or (e)." (*Id.* Prayer for Relief.) FCA contends, in its brief, that Hernandez's actual damages are $39,288.50—the total sales price of the Vehicle and the finance charges she agreed to pay. (Opp., Doc. 26, at 5.) It alleges that the amount in controversy is that her actual damages plus two times that amount, for a total of $117,865.50 "before statutory deductions are taken." (*Id.*) Accounting for statutory deductions, FCA subtracts $1,210.79 per the statutory mileage offset and $7,255 for non-manufacturer items on the Vehicle. (*Id.* at 6-7.) With these deductions, FCA contends that Hernandez's actual damages are $30,822.72 plus two times civil penalty.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:22-cv-00299-JLS-DFM                                                      Date: August 10, 2022
Title:  Jennifer Hernandez v. FCA US, LLC et al

(*Id.*)  FCA also notes that if Hernandez were to prevail, she could be awarded attorney fees and costs, increasing that amount even more.  (*Id.* at 9.)

In a declaration filed by FCA's counsel in support of its NOR, however, FCA contends that the appropriate calculation is actually the total down payment plus the amount financed, without the finance fees, which totals to $27,433.38.  (*See* Smith Decl., Doc. 1-2, ¶ 8.)  FCA has not filed an attorney declaration in support of its Opposition brief that details how or why it calculated the amount in controversy different for purposes of that brief.

**II.      LEGAL STANDARD**

The "[f]ederal courts are courts of limited jurisdiction." *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017) (internal quotation marks omitted). Therefore, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal quotation marks omitted).  For a defendant seeking to remove pursuant to 28 U.S.C. § 1441, which permits removal based on diversity and federal-question jurisdiction, there exists a "'strong presumption against removal.'" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).  This "strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper, and that the court resolves all ambiguity in favor of remand to state court." *Id.* (internal quotation marks omitted).

**III.     DISCUSSION**

Hernandez argues that the Court should remand this action because "Defendant has fallen far short of carrying its heavy burden of proof of showing that removal was proper because Defendant's Notice of Removal fails to establish the amount in controversy exceeds $75,000."  (Mem. at 5.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:22-cv-00299-JLS-DFM         Date: August 10, 2022
Title:  Jennifer Hernandez v. FCA US, LLC et al

A federal court has diversity jurisdiction if the amount in controversy exceeds $75,000 and the parties to the action are citizens of different states or subjects of a foreign state. *See* 28 U.S.C. § 1332. Hernandez does not contest that the parties are diverse; rather, she challenges whether FCA has established that the amount in controversy exceeds $75,000 by a preponderance of the evidence. "[T]he amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018); *see also Theis Rsch., Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005) ("[T]he amount at stake in the underlying litigation . . . is the amount in controversy for purposes of diversity jurisdiction"). "If it is unclear what amount of damages the plaintiff has sought . . . then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992) (emphasis omitted). The "proper burden of proof" in cases where the "complaint is unclear and does not specify 'a total amount in controversy,'" as is the case here, "is proof by a preponderance of the evidence." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007).

The Court finds that the amount in controversy remains speculative, and FCA has failed to carry its burden to show by a preponderance of the evidence that this case satisfies the jurisdictional amount in controversy. Although FCA's Opposition cites the total sale price of the Vehicle, the Sales Contract makes clear that the Vehicle was financed, but FCA has provided no evidence regarding the number and amount of payments Hernandez has made on Vehicle. (*See* Sales Contract, Ex. B to Shepardson Decl., Doc. 26-1, at ECF 62.) This is notable because the Sales Contract indicates that Hernandez made only a down payment of $3,500 and financed the remaining nearly $24,000 of the Vehicle[2]; in doing so, she incurred significant finance charges totaling nearly $12,000. (*See id.*) In particular, for purposes of the amount in controversy

---

[2] The cash price of the baseline Vehicle was only $21,430.00. (*See id.*)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.:  8:22-cv-00299-JLS-DFM | Date: August 10, 2022 |
| Title:  Jennifer Hernandez v. FCA US, LLC et al | |

determination, while case law appears to permit consideration of the vehicle's price "in an amount equal to the purchase price paid or *payable* by the buyer," with respect to finance charges, this amount includes only "any *paid* finance charges." *Alvarado v. FCA US, LLC*, 2017 WL 2495495, at *3-*4 (C.D. Cal. June 8, 2017) (emphasis added); *see also Luna v. BMW of N.A., LLC*, 2018 WL 2328365, at *3 (S.D. Cal. May 22, 2018) ("The actual price paid or payable includes *paid* finance charges." (emphasis added)); *Mitchell v. Section Bird Body Co.*, 80 Cal. App. 4th 32, 37 (2000) ("A more reasonable construction is that the Legislature intended to allow a buyer to recover the entire amount *actually expended* for a new motor vehicle, including *paid* finance charges, less any of the expenses expressly excluded by the statute." (emphases added)).

  FCA has provided no evidence to illustrate how much of the Vehicle—and its finance charges—Hernandez has paid off, and the terms of the Sales Contract suggest that, at the time she filed her operative complaint, Hernandez would not have paid off anywhere near the total finance charges.  Per the terms of the Sales Contract, Hernandez was to pay off the finance charges through a portion of her monthly car payment.  (*See* Sales Contract at ECF 63 ("We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of the Amount Financed and to other amounts you owe under this contract in any order we choose.").)  At the time Hernandez filed her Complaint, she still had another two and a half years of payments on the Vehicle. (*Compare id.* (final payment scheduled for January 1, 2024) *with* Compl. (filed September 21, 2021).)  Based on the Sales Contract, even assuming that Hernandez had made each monthly payment between the date of the purchase of the Vehicle and the filing of her Complaint, her payments would total to only $22,325.  Therefore, even with two times civil penalties, the amount in controversy would be insufficient to satisfy the jurisdictional threshold—even before considering any applicable statutory deductions. Thus, the preponderance of evidence simply does not demonstrate that the amount in controversy requirement has been satisfied.

  Moreover, inconsistencies in FCA's briefing suggests that the amount in controversy remains too speculative for the Court to exercise jurisdiction.  For instance,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-00299-JLS-DFM						Date: August 10, 2022
Title: Jennifer Hernandez v. FCA US, LLC et al

while FCA's Opposition brief sets forth one method of calculating Hernandez's actual damages—which includes the finance charges for the Vehicle—the attorney declaration filed in support of the Notice of Removal sets forth a different method—which explicitly excludes the finance charges. (*Compare* Opp. at 5 *with* Smith Decl. ¶ 8 (noting that "Paid finance charges were not included in calculating the 'actual price' as required by California law, because of the difficulty of calculating the finance charges paid based on incomplete information").) FCA provided no rationale for this shift, nor did it make clear any additional information became available to it, and therefore, its shifting position undermines that either calculation provides a reliable estimate of the amount in controversy. Moreover, the difference between these two outcomes is meaningful: if the statutory deductions set forth in FCA's Opposition are subtracted from the "actual price" calculated in the Smith Declaration, even assuming a two times civil penalty is appropriately alleged, the amount in controversy falls short of $75,000.[3]

  Likewise, FCA's proposed statutory mileage offset is too speculative for the Court to be satisfied that the amount in controversy has been met here. The Ninth Circuit has stated that consideration of "[u]se [o]ffset[s]" is "appropriate" under the Act because "an estimate of the amount in controversy must be reduced if 'a specific rule of law or measure of damages limits the amount of damages recoverable.'" *Schneider v. Ford Motor Co.*, 756 F. App'x 699, 701 n.3 (9th Cir. 2018); *see also id.* ("[A]n estimate of the amount in controversy must be based on the applicable 'measure of damages,' not on what a plaintiff requests in a complaint."). Here, however, FCA states only in conclusory fashion that "Plaintiff first brought her vehicle in for repairs at 6,786 miles," and during this repair, the "dealership found only a loose positive terminal on the battery[.]" (Opp. at 6.) FCA does not even attempt to connect this repair to the allegations of defect in the Complaint. Thus, here too the mileage offset—and corresponding reduction to the amount in controversy—remains too speculative for the Court to exercise jurisdiction.

---

[3] When the $27,433.38 actual price reduced by $1,210.79 mileage offset and $7,255 for non-manufacturer items, the vehicle price comes to a total of $18,967.59. Even considering a two times civil penalty, this brings the amount in controversy only to $56,902.77.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-00299-JLS-DFM                                    Date: August 10, 2022
Title: Jennifer Hernandez v. FCA US, LLC et al

The Court notes that FCA has proffered no evidence of what attorney fees could be reasonably anticipated in a case like this, so fees cannot be added to the total amount in controversy here, as they remain far too speculative.  *See Eberle v. Jaguar Land Rover N.A., LLC*, 2018 WL 4674598, at *3 (C.D. Cal. Sept. 26, 2018) (courts are "reluctant to estimate reasonbl[e] attorneys' fees without knowing what the attorneys in the case bill, or being provided with evidence of attorneys' fees awards in similar cases").  The Shepardson Declaration submitted with FCA's Notice of Removal states only in broad strokes that Song-Beverly cases can yield attorney fees awards spanning from $35,000 and $200,000.  (*See* Shepardson Decl., Doc. 1-1.)  Shepardson, however, fails to compare the present case to previous cases warranting fee awards, estimate the amount of time each major task is expected to take, or cite an hourly billing rate.  (*See id.*)  Thus, his statements remain too speculative and are insufficient to warrant factoring attorney fees into the amount in controversy determination.  *See Conrad Assocs v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196, 1200 (N.D. Cal. 1998).

And although FCA alternatively requests jurisdictional discovery, the Court sees no reason why jurisdictional discovery is required here.  "Jurisdictional discovery is not mandatory, and Defendant's vague request is 'based on little more than a hunch that it might yield jurisdictionally relevant facts.'"  *Young v. FCA US LLC*, 2021 WL 5578723, at *3 (C.D. Cal. Nov. 30, 2021) (quoting *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008)).

In sum, FCA has failed to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000 here.  Accordingly, the Court may not exercise diversity jurisdiction, and remand to state court is appropriate.

### IV.     CONCLUSION

For the foregoing reasons, the Court GRANTS the Motion.  The case is remanded to the Superior Court of California for the County of Orange, Case No. 30-02021-01222266-CU-BC-CJC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-00299-JLS-DFMDate: August 10, 2022
Title: Jennifer Hernandez v. FCA US, LLC et al

Initials of Deputy Clerk: vrv